WILLIAM P. ROOME *et al.*, Respondents, *against* JOSEPH F. McGOVERN *et al.*, Appellants.

(Decided February 2d, 1880.)

Where a purchaser of goods upon credit represents himself to the seller as solvent, and twelve days afterwards makes a general assignment for the benefit of creditors, on the ground of insolvency, having assets sufficient to pay only twenty-five per cent. of his debts, in the absence of proof that some unexpected disaster caused a complete change in his condition, the conclusion is irresistible that his representation of solvency was false.

In an action to recover back goods fraudulently purchased, and which have been transferred by the purchaser under a general assignment for benefit of creditors, the assignee may properly be made a defendant as assignee; and the allegation of such assignment in the complaint is not an admission of title in the assignee.

In such a case, the assignee, as he comes into possession of the goods innocently, is entitled to a demand for their return before action is brought; but where the plaintiffs, for the purpose of making such a demand personally, went to the place where the goods were, and to the

---

* An appeal from the order entered upon this decision was dismissed by the court of appeals, June 8th, 1880. See 83 N. Y. 639.

assignee's own place of business, and, not seeing him at either place, made a demand upon the person in charge of the goods, leaving a written demand to be delivered to the assignee, *held*, that this was all that, under the circumstances, the plaintiffs could be required to do.

APPEAL from a judgment of the district court in the city of New York for the first judicial district.

The action was brought to recover possession of certain personal property alleged to have been obtained from the plaintiffs by false representations made by one of the defendants, who afterwards transferred the property, by general assignment for benefit of creditors, to the other defendant. The facts are stated in the opinion.

Upon the trial, a motion by the defendants for a dismissal of the complaint was granted, and judgment rendered for the defendants. From this judgment the plaintiffs appealed.

*Michael H. Cardozo*, for appellants.

*Charles Blandy*, for respondents.

VAN BRUNT, J.—The only question in this case that presents any embarrassment is the proof as to a demand. The objection that there was no proof of fraud, is clearly not well taken.

The complaint alleges that the defendant, Joseph F. McGovern, on October 16, 1879, with intent to deceive and defraud the plaintiffs and to induce them to sell goods to him, falsely and fraudulently represented to the plaintiffs that he was solvent; that his liabilities were light, and contracted solely by the said defendant in the carrying on of his business, and that he was abundantly able to pay the same, and the plaintiffs, relying upon these representations, sold certain goods to the defendant.

The plaintiff, William P. Roome, testified that McGovern entered into negotiations for teas; he bought, without much question as to price; and after making his choice of goods, that he, Mr. Roome, asked McGovern how his business was;

he said it was in excellent condition and he was doing an excellent business. He was asked if he was making money, he said he was. He was asked if his capital was his own, he said it was, and that he did not owe any of it. He said he did not owe for borrowed money.

That proof clearly supported the allegation in the complaint that the defendant, McGovern, represented himself to be solvent and able to pay his debts.

It appears that on October 28, 1879, McGovern made an assignment for the benefit of his creditors upon the ground of insolvency, owing $5,507.02, and having $1,330.08 of assets.

It is urged that there is nothing to show that these debts were not contracted after the purchase of the teas in question; but I think that when a man represents himself on October 16 as solvent, and on October 28, twelve days after, makes an assignment, and has assets sufficient to pay only twenty-five per cent. of his debts, in the absence of proof that some unexpected disaster caused a complete change in his condition, the conclusion is irresistible that his representation of solvency was false.

The objection that, as the complaint alleges, that Joseph McGovern transferred the goods in question to George McGovern by a general assignment, it is an admission of title in George McGovern, is not well taken. All that the complaint shows in that regard, is that Joseph McGovern has conveyed all his title to the goods to George McGovern, and nothing more.

I am unable to see why George McGovern might not be sued as assignee. It is true he might have been sued as an individual, but he claimed to hold the goods in his representative capacity ; it was his title as trustee that was sought to be impeached, to goods which had been delivered to him as part of the trust estate. He committed no wrong in taking possession of the goods as assigned, and he held them as assignee, and in no other capacity.

The objection that there was no rescission of the contract of sale is not well taken, as the commencement of the action is a complete rescission.

Roome *v.* McGovern.

The remaining question as to demand is one of more difficulty.

No demand was necessary against the purchaser of the goods, because he came into possession wrongfully; but his assignee came into possession innocently, and before being burdened with the costs of an action, should have an opportunity afforded him to make restitution. There has been no case cited by the defendants showing what kind of a demand should be made.

The evidence in this case shows that a demand was made at the place where the goods were, of the person in charge, and a written demand left for the assignee; that unsuccessful efforts were made to find the assignee to make a personal demand.

It seems to me that this was all that the plaintiffs could be called upon to do. They went to the place where the goods were, and to the assignee's own place of business, to make the demand, but did not see him at either place, but did make a demand upon the person in charge of the goods, leaving a written demand to be delivered to the assignee, which was all that, under the circumstances, they could do. There is no proof but what the assignee received that written demand. A person is presumed to receive letters left for him at his place of business or residence, and therefore, in the absence of proof to the contrary, it must be assumed that this written demand reached the assignee, and if so, a sufficient demand is made out if one was required.

I am of the opinion, therefore, that the plaintiffs made out a *prima facie* case, and the judgment must be reversed.

CHARLES P. DALY, Ch. J., concurred.

Judgment reversed.